ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CION INVESTMENT CORPORATION,

                              Plaintiff,

        v.

ATLAS SUPPLY LLC, a Delaware limited
liability company, and ROSS HILTON
KEMPER, an individual,

                              Defendants.

---

25 Civ. 7181 (LLS)

OPINION & ORDER

This is a breach of contract action to recover indebtedness brought by CION Investment Corporation against borrower, Atlas Supply LLC, and personal guarantor, Ross Hilton Kemper. Plaintiff moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Mot. J. Plead. (Dkt. No. 25). For the following reasons, plaintiff's motion is granted.

## BACKGROUND

The facts presented here are taken from defendants' answer (Dkt. No. 23) and the undenied facts alleged in plaintiff's complaint (Dkt. No. 1). They are presumed true for the purposes of this motion.

On April 29, 2022, CION Investment Corporation executed a Loan Agreement for the principal amount of $5,000,000 in favor of Atlas Supply LLC, with a maturity date of April 29, 2025. Compl. ¶¶ 10-11; Loan Agreement (Dkt. No. 1-2). The Loan

- 1 -

Agreement obligated Atlas to regularly provide financial statements to CION and to pay the principal amount in full upon any event of default, plus quarterly interest payments, potential late fees, and any expenses incurred by CION in enforcing the obligation. Loan Agreement §§ 2.2-2.3, 2.8, 8.2, 9.2. Around the same time, Ross Hilton Kemper, the sole member of Atlas, executed a Guaranty of the Loan Agreement. Compl. ¶¶ 12, 14; Guaranty (Dkt. No. 1-1). The Guaranty obligated Kemper to unconditional guarantee of prompt payment and performance of all of Atlas' obligations under the Loan Agreement. Compl. ¶ 15; Guaranty § 2.1.

On June 7, 2024, CION provided defendants with a Notice of Events of Default and Reservation of Rights letter, which notified Atlas and Kemper of several events of default, including failure to make the March 30, 2024 payment and failure to provide financial statements. Compl. ¶¶ 22-23; Not. Default (Dkt. No. 1-3). On July 8, 2024, CION demanded immediate payment from Kemper pursuant to the Guaranty for the March 30 payment and a newly-missed June 30 payment, as well as the resulting interest from each. Compl. ¶ 24; First Demand Let. (Dkt. No. 1-4). Defendant does not deny receipt of either letter and admits that "plaintiff [] received payment from Atlas" for the amount demanded in the July 8 letter. Compl. ¶ 25; Answer ¶ 25.

When defendants failed to pay the outstanding obligation due on the maturation date, April 29, 2025, and to provide the required financial statements, CION sent another letter on May 7, 2025, containing a Notice of Maturity and Demand for Payment. Compl. ¶¶ 26-28; Second Demand Let. (Dkt. No. (1-5)); Not. Maturity (Dkt. No. 1-6). Defendants do not deny receipt of the May 7 demand letter or that they have failed to repay the outstanding obligations and to provide the required financial statements. Compl. ¶¶ 29-31; Answer ¶¶ 26-31.

Plaintiff alleges that it has suffered damages in the amount of $5,914,673.61, "plus accruing interest and default interest, additional late payment fees, as well as attorney's fees, costs, expenses and liabilities" for Atlas' failure to meet its obligations under the Loan Agreement. Compl. ¶ 37. Plaintiff alleges the same damages against Kemper for failing to perform his obligations under the Guaranty. Compl. ¶ 44-46.

Defendants answered the complaint, denying their obligations and asserting eleven affirmative defenses. However, they did not respond to plaintiff's instant motion.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Even unopposed, a

motion for judgement on the pleadings should be decided on the merits. Maggette v. Dalsheim, 709 F.2d 800, 802 (2d Cir. 1983).

In evaluating a Rule 12(c) motion for judgment on the pleadings, the Court may consider only the complaint, answer, and all documents incorporated therein or attached thereto. Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 306 (2d Cir. 2021). The Court must take as true any factual allegations in the answer and undenied facts alleged in the complaint and must draw all inferences in favor of the defendant, but "will not credit conclusory denials and allegations that are 'contradicted by more specific allegations or documentary evidence.'" In re Kwok, 2024 WL 4126752, at *2 (Bankr. D. Conn. Sept. 9, 2024) (quoting L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011)); see Citibank, N.A. v. Aralpa Holdings Ltd. P'ship, 2023 WL 5971144, at *5 (S.D.N.Y. Sept. 14, 2023). A motion for judgment on the pleadings should be granted where material facts are undisputed and the movant is entitled to judgment as a matter of law. Allstate Ins. Co. v. Vitality Physicians Grp. Prac. P.C., 537 F. Supp. 3d 533, 545 (S.D.N.Y. 2021).

## DISCUSSION

### I.    Count I: Breach of Loan Agreement

Plaintiff's first count alleges breach of contract against Atlas for its failure to provide the required financial

- 4 -

statements and pay the principal, interest, and late fees due under the Loan Agreement. To merit judgment on the pleadings, the undisputed facts in plaintiff's complaint, together with those alleged in defendants' answer, must establish each element of this breach of contract claim; namely, "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Pizza on 23rd Corp v. Liberty Mut. Ins. Co., 723 F. Supp. 3d 307, 312 (S.D.N.Y. 2024) (internal quotation marks and citation omitted).

The pleadings establish each element of plaintiff's breach of contract claim. First, plaintiff alleges, and the attached documents show, that the parties executed a Loan Agreement on April 29, 2022, obligating Atlas to the principal amount of $5,000,000, plus interest, fees, and any enforcement costs. Compl. ¶ 10; Loan Agreement §§ 2.1-2.3, 2.8, 9.2. Second, plaintiff alleges that it "has fulfilled all conditions precedent required of it under the Loan Agreement." Compl. ¶ 39. As to the third element, plaintiff alleges — and attaches documents showing — that Atlas breached the agreement by failing to provide the required financial statements and pay its outstanding obligations when demanded. Id. ¶¶ 29-30, 34-36; see Not. Default, First Demand Let., Second Demand Let., Not. Maturity. Consequently, plaintiff alleges it has suffered

damages in its inability to enforce its secured interests and in the outstanding obligation of $5,914,673.61, plus interest and fees. Compl. ¶¶ 37-38.

As a preliminary matter, plaintiff's allegation that it met all conditions precedent, which defendant does not deny, is sufficient to plead its own performance. Insured Advoc. Grp., LLC v. Spartan Servs. Corp., 2024 WL 3429131, at *5 (S.D.N.Y. July 16, 2024) ("For a contract claim, it is sufficient that the pleader tracks the language of Rule 9(c) by alleging all conditions precedent have occurred or been performed." (internal quotation marks and citation omitted)); see Answer ¶ 39.

As to all other elements, defendants respond with variations of "The documents referred to in this paragraph speaks [sic] for themselves. To the extent the allegations contained in this paragraph call for a legal conclusion, no response is required. Otherwise, denied." Answer ¶ 4; see also id. ¶¶ 2, 34-38. Stating that a document speaks for itself neither denies the existence of the document nor plaintiff's interpretation of it. See Wells Fargo Bank, N.A. v. Nasr, 2019 WL 2074566, at *1 n.1 (S.D.N.Y. May 10, 2019). In combination with defendants' de facto admissions that the documents are valid, defendants' conclusory denials do not adequately challenge the facts alleged by plaintiff and supported by the documents. See Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010)

("Mere conclusory allegations or denials...cannot by themselves create a genuine issue of material fact where none would otherwise exist." (citation omitted)); cf. Scott v. Coughlin, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."). To create a genuine dispute of material fact, defendants needed to propound countervailing facts, yet they offer none. See Allison v. Whitman & Meyers, LLC, 2015 WL 860757, at *1 (W.D.N.Y. Feb. 27, 2015) (holding that, in what the court deemed "essentially a motion for judgment on the pleadings," "the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant"). Without any contradicting allegations to support defendants' conclusory denials, the material facts of plaintiff's breach of contract claim against Atlas are undisputed.

## II.   Count II: Breach of Payment Guarantee

Plaintiff's second count alleges that Kemper breached the Guaranty by failing to pay the amount owed under the Loan Agreement when due. "To prevail on [a motion for judgment on the pleadings] on an unconditional written guaranty, a creditor need only prove the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty."

Wells Fargo Bank, N.A. v. Nasr, 2019 WL 2074566, at *4 (S.D.N.Y. May 10, 2019) (internal quotation marks and citation omitted) (applying the same standard of proof — the lack of "genuine dispute as to any material fact" — to plaintiffs' concurrent motions for summary judgment and judgment on the pleadings).

The pleadings establish all three elements. Plaintiff's complaint attaches the signed Guaranty obligating Kemper to "absolute, unconditional, and continuing guaranty" of the Loan Agreement; as discussed above, plaintiff has proven the underlying debt; and plaintiff alleges that despite its May 7 demand letter, Kemper failed to make the payment due. See Guaranty § 2.1(b), Compl. ¶¶ 31, 41-45. As with the allegations comprising Count I, defendants simply "den[y]" that Kemper owes the amount claimed or that he breached the Guaranty, while simultaneously stating that "The document referred to in this paragraph speaks for itself." Answer ¶ 45; see also id. ¶¶ 31, 41-44. Here too, cursory denials of the obligation and breach, unsupported by any factual allegations, hold no weight next to the defendants' own admission that the documents are valid. See Allison, 2015 WL 860757 at *1. Without any contradictory allegations as to why Kemper is not liable for the debt he took on in the Guaranty, there is no genuine dispute of material fact as to plaintiff's claim for breach of guaranty against Kemper.

- 8 -

## III.    Affirmative Defenses

Finally, defendants' conclusory affirmative defenses do not prevent judgment on the pleadings. Plausibly-pled affirmative defenses "will generally bar a plaintiff's motion for judgment on the pleadings." Citibank, N.A. v. Aralpa Holdings Ltd. P'ship, 2023 WL 5971144, at *15 (S.D.N.Y. Sept. 14, 2023) (citation omitted). This is true even of defenses pled in boilerplate language, so long as sufficient factual content to support the defense is alleged elsewhere. Id. However, "affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." Shechter v. Comptroller of City of New York, 79 F.3d 265, 270 (2d Cir. 1996) (internal quotation marks and citation omitted).

Here, defendants assert eleven affirmative defenses, each in conclusory, boilerplate language. See, e.g., Answer ¶¶ 47-48 ("Plaintiff cannot recover on the asserted claims and causes of action because Plaintiff failed to state a claim or cause of action for which relief can be granted. Plaintiff cannot recover on the asserted claims and causes of action because Plaintiff has failed to mitigate its purported damages."); see also id. ¶¶ 49-57. Defendants provide no factual support for any of their eleven defenses, and their answer provides no other basis on which the Court could reasonably conclude that such defenses may

- 9 -

be merited. Defendants do not point to any acts by plaintiff or provisions in the Loan Agreement or Guaranty that would render their obligations unenforceable, nor is there any indication they may be able to do so at a later stage. Thus, defendants' alleged defenses do not supply any plausible basis on which to deny plaintiff's motion.

## CONCLUSION

For the reasons stated above, plaintiff's motion for judgment on the pleadings is granted as to both counts. Within fourteen days, plaintiff shall submit to the Court a proposed order regarding an award of damages and costs along with an affidavit reflecting the calculation of all amounts owed under the Loan Agreement and Guaranty, including enforcement costs. Defendants will have seven days to respond.

So ordered.

Dated:  New York, New York
        April 28, 2026

                                    Louis L. Stanton
                                LOUIS L. STANTON
                                    U.S.D.J.

- 10 -